UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| DENISE WUBBEN,<br><br>    Plaintiff,<br><br>- vs -<br><br>YANKTON COUNTY, SOUTH DAKOTA, and DAN KLIMISCH, in his individual capacity.<br><br>    Defendants. | CIV. 19-CV-4109<br><br>**COMPLAINT AND<br>DEMAND FOR TRIAL BY JURY** |

## INTRODUCTION

1.  In this civil action Plaintiff prays for a judgment against Defendants for damages, attorney fees and costs, because Defendants, acting under color of state law, deprived the Plaintiff of her rights secured to her by the Constitution of the United States and the law of South Dakota. Specifically, Plaintiff seeks a Judgment declaring that Plaintiff was deprived of her liberty and property interests when Defendants terminated Plaintiff without due process of law, which directly violated the Yankton County Personnel Handbook. Plaintiff further seeks a Judgment declaring that Plaintiff was retaliated against for exercising her First Amendment right by Defendants when she was terminated for speaking to officials and publicly about matters of public concern. Finally, Plaintiff seeks a judgment that Plaintiff was wrongfully terminated under state law. Based upon these causes of action, Plaintiff seeks damages for back pay and back interest, plus prejudgment interest thereon; damages for anxiety and emotional distress caused by Defendants' actions; damages to Plaintiff's reputation; punitive damages; and a mandatory

injunction ordering Plaintiff's reinstatement to her employment with Yankton County, or, in the alternative, front pay damages.

## JURISDICTION AND VENUE

2. Jurisdiction is conferred on this Court for the resolution of the substantial constitutional questions presented in Counts I-III of this Complaint by virtue of 28 U.S.C.A §1331, 28 U.S.C.A § 1343(a)(3) and 28 U.S.C.A § 1343(a)(3) because Counts I-III are based upon 42 U.S.C.A. § 1983.

3. This Court has supplemental jurisdiction of Count IV. 28 U.S.C.A. § 1338(a).

4. Jurisdiction for the request for attorney's fees and costs is conferred by 42 U.S.C. §1988.

5. No other action, civil or criminal, is pending in any state court involving the Plaintiff regarding the activities and events at issue here.

6. This suit is authorized by law to redress deprivations under color of state law of rights, privileges, and immunities secured by the First and Fourteenth Amendments to the United States Constitution.

7. Venue in this Court is appropriate as the various acts complained of occurred, and the Defendants are located, within the Southern Division of the District of South Dakota, and more specifically within the County of Yankton, South Dakota.

## PARTIES

8. Plaintiff Denise Wubben ("Ms. Wubben") is a resident of the City of Yankton, Yankton County, South Dakota.

9.      Defendant Yankton County, South Dakota (the "County") is a county of the state of South Dakota SDCL 7-1-67. Yankton County is in the Southern Division of the Federal District of South Dakota.

10.     Defendant Dan Klimisch ("Defendant Klimisch") serves as the current Yankton County Commission chairman for the County of Yankton. Defendant Klimisch was chairman for the Yankton County Commission during the events described within this Complaint.

11.     Defendant Yankton County and Defendant Klimisch will be collectively referred to as "Defendants."

## FACTS

12.     Ms. Wubben was employed by the County beginning July 1, 2013 as an office administrator/secretary for the Planning and Zoning office. In April 1, 2018, she was promoted to County Deputy Zoning Administrator.

13.     Ms. Wubben's job performance was reviewed annually. Ms. Wubben received excellent evaluations as an employee during the 5 years and 8 months she was employed by the County.

14.     In the month's preceding the events described in this Complaint, the granting of County permits for the construction of Concentrated Animal Feeding Operations ("CAFO") had been a controversial matter of public concern in Yankton County, leading to the election of three County Commissioners in November, 2018 who were generally opposed to CAFOs, including Defendant Klimisch.

15.     Pat Garrity and Plaintiff, as the Yankton County Zoning Administrator and Deputy Zoning Administrator, respectively, were charged with assisting citizens with applications for conditional use permits, by the Yankton County Zoning Ordinances.

16. On February 14, 2019, there occurred a meeting of two county commissioners, Defendant Klimisch and Joe Healy, and Pat Garrity, County Zoning Administrator, and Ms. Wubben. Ms. Wubben was present for the last 15 minutes. In that meeting, after Ms. Wubben objected to the way that Mr. Garrity was being treated, and objected to the disciplining of Mr. Garrity with a written warning, which was the wrong procedure, Defendant Klimisch stuck his finger in Ms. Wubben's face and angrily said "you have crossed the line."

17. After Defendant Klimisch stormed out, Mr. Healy, Mr. Garrity and Ms. Wubben had a 45 minute conversation. During this conversation, Mr. Healy told Mr. Garrity and Ms. Wubben to spend less time with people coming to the Planning and Zoning office for CAFO conditional use permit applications. Mr. Healy's recommendation on February 14th was later conflated, by others, into a ban against certain people coming to the Government Center.

18. On February 19, 2019, at the County Commission meeting, Ms. Wubben was present on behalf of the Planning and Zoning office to speak on a drainage and zoning issue. After Ms. Wubben's duties as Deputy County Zoning Administrator were completed, she remained at the meeting to observe as a private citizen and member of the public. The last item of the meeting's agenda was addressing the "less time v. ban" discrepancy referred to in paragraph 17, above. When members of the public began asking questions and discussing the issue, a member of the public asked that if Ms. Wubben was still present, and, if so, to stand up and give her side of the story. Defendant Klimisch directed Ms. Wubben, who was still present at the meeting as a private citizen, to come to the podium. Ms. Wubben began to respond at the podium but was told by Defendant Klimisch several times to sit down or the sheriff would be summoned. When Ms. Wubben responded publicly to the preceding conduct of February 14, 2019, she was speaking on a matter of public concern as a private citizen. Ms. Wubben was

prevented from completing her explanation of the February 14th discussion by Defendant Klimisch's intimidation and threat, in violation of her free speech rights, guaranteed by the First Amendment to the U.S. Constitution and the South Dakota Constitution, Art. VI, §§ 4 and 5.

19. Three days after the commission meeting, on February 22, 2019, Ms. Wubben was purportedly terminated as a Yankton County employee. The County Commissioners purported to terminate Ms. Wubben's employment during a special emergency executive session, which is contrary to South Dakota's open meeting laws. SDCL 1-15-1.

20. On February 22, 2019, Ms. Wubben took sick leave and went to her doctor with issues of anxiety and stress due to the recent events surrounding her employment with the County. Ms. Wubben's doctor certified her for FMLA leave and prescribed her medication to help with her stress. Ms. Wubben's request for FMLA leave was denied because she had been terminated that same day.

21. On February 23, 2019, Ms. Wubben first learned of her termination when she read about the termination of her County employment in the Yankton Press and Dakotan, the local public newspaper.

22. On February 25, 2019, the County Commission recognized that the attempted termination on February 22, 2019 was illegal because the vote to terminate was made while the Commission was still in executive session. Thus, the Commission convened for a special meeting and voted to terminate Ms. Wubben. On February 26, 2019. Ms. Wubben again read about her termination in the Yankton Press and Dakotan.

23. On or about February 25, 2019, Ms. Wubben was sent a letter advising her that her employment with the County had been terminated, effective February 25, 2019, signed by Robert Klimisch, Yankton County States Attorney.

24. Ms. Wubben did not receive this letter until February 28, 2019. No reasons for the termination were given. See the attached Ex. A, February 25, 2019 termination letter. Ms. Wubben was not given any notice of proposed disciplinary action, nor was she given an opportunity to present her side of the issue.

25. Prior to Ms. Wubben's termination, in the fall of 2018, after the county commission elections were held, Joe Healy approached Mr. Garrity and Ms. Wubben in their office and advised that there was a mandate by the new commissioners to get rid of them.

26. The County has adopted a civil service system through its Yankton County Personnel Handbook ("Handbook") adopted on February 1, 2005, relevant portions of which are attached as Ex. B.

27. Section § 901B of the Handbook states:

1. Verbal warning and counseling with the department head or supervisor;
2. Written warning with a copy in the personnel file;
3. Up to a thirty (30) days suspension; or termination.

   Items 3 and 4 may be applied on the first offense if the performance or behavioral problem is sufficiently serious, upon recommendation of the department head and approved by the Yankton County Commission.

Ex. B, pg. 37.

28. The mandatory nature of the progressive disciplinary process is highlighted by § 901F of the handbook: "When *all measures* of progressive disciplinary action regarding behavioral or performance problems *have been taken,* and there is no improvement, there is little choice but to either impose a suspension of up to thirty (30) days or terminate the employment relationship." Ex. B, pg. 37. *(emphasis added).*

29. Ms. Wubben's termination was in direct violation of §901B and §901F. There were no performance problems, no warnings, no suspension, and no opportunity for improvement of any conduct. In fact, Ms. Wubben had been promoted to Deputy County Zoning Administrator due to excellent performance reviews.

30. The Handbook §901G also states that a dismissed employee is entitled to a hearing at the next Commission meeting following the dismissal.

31. Additionally, §105A of the Handbook states, "It is the policy of Yankton County to promote a productive work environment and not to tolerate verbal or physical conduct by any employee that harasses, disrupts or interferes with another's work performance or which creates an intimidating, offensive or hostile environment." Ex. B, pg. 2.

32. Furthermore, the direction by the Defendants to reduce contact with and assistance to citizens was contrary to Handbook section 203, which states:

> A. It is the policy of Yankton County to be service oriented and to require all employees to treat the public in a courteous and respectful manner at all times.
> B. All employees have an obligation to make the public feel as comfortable as possible in dealing with County government.
> C. Employees should attempt to educate the public in using County services and should seek ways to improve services.

Ex. B. pg. 4.

33. Prior to Ms. Wubben's termination, she earned $20.21/hour as the County Deputy Zoning Administrator. Additionally, Ms. Wubben received the following benefits:

> a. South Dakota retirement;
> b. Health insurance. After Plaintiff's termination, she obtained insurance through COBRA at a cost of $673.88 per month;
> c. Accumulated personal time off;

      d.  Accumulated paid sick time off; and
      e.  Overtime pay.

34.    Ms. Wubben applied for several administrative role jobs after her termination with the County. Ms. Wubben was only been able to secure employment at Hy-Vee as a stock clerk, working only 24 hours a week at $10.50 an hour.

35.    On June 24, 2019, Ms. Wubben obtained new employment that requires her to commute 30 miles each way, earning $16.75 an hour.

36.    Ms. Wubben is approached on a weekly, if not daily, basis by members of the public asking about her termination with the County.

## COUNT I:
## DEPRIVATION OF PROPERTY
## RIGHTS WITHOUT DUE PROCESS OF LAW

37.    Paragraphs 1-36 are re-alleged as though set out in full.

38.    The requirements of procedural due process applies to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property. *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 569–70, 92 S. Ct. 2701, 2705, 33 L. Ed. 2d 548 (1972). When protected interests are implicated, the right to a prior hearing is paramount. The United States Supreme Court has made clear that the property interests protected by procedural due process extend well beyond actual ownership of real estate, chattels, or money.

39.    The Handbook explicitly lays out several steps that must be followed in cases of discipline. §901 B of the Handbook, Ex. B. The mandatory nature of these due process procedures creates a property interest in the county employees' expectation of continued employment. All of these steps were violated in Ms. Wubben's termination. There was no verbal warning and counseling by the department head, Mr. Pat Garrity. There was no written warning

with a copy placed in Ms. Wubben's personnel file. There was no suspension. Although the policy states that items 3 and 4 may be applied on the first offense, it is only "if the performance or behavioral problem is sufficiently serious." Ms. Wubben's conduct was not "sufficiently serious" because no reasons were given whatsoever.

40. Ms. Wubben received no notice of any proposed disciplinary action. No reasons for the proposed disciplinary action and proposed discipline were provided by Defendants. Ms. Wubben was not provided any opportunity, much less a reasonable opportunity, to respond to any allegations and termination by Defendants.

41. When a governmental entity adopts a set of regulations, it has the force and effect of law. *Schaub v. Chamberlain Bd. of Educ.*, 339 N.W.2d 307, 310 (SD 1983); *Schnabel v. Alcester Sch. Dist. No.61-1*, 295 N.W.2d 340 (SD 1980). Defendant Yankton County violated this longstanding rule by changing the operation of its civil service system to affect the standing of Ms. Wubben

42. To exacerbate matters even further, the initial termination decision was made by the County Commission and then disseminated in the local newspaper, prior to Ms. Wubben receiving any notice of the termination, the termination letter from the County, or an opportunity to be heard.

43. Ms. Wubben was given no opportunity to respond to any allegations and no opportunity to state any response to the discipline. This is a violation of the rule set forth in *Cleveland Bd. of Education v. Loudermill*, 470 U.S. 532 (1985) which requires some sort of pre-termination hearing.

44. Ms. Wubben was deprived of her protected property interest in her continued public employment without due process of law as Defendants, acting under color of state law, failed to follow the Policy Manual.

45. As a proximate result of Defendants' conduct of depriving Ms. Wubben of her property interest in her continued employment without due process of law, Ms. Wubben has been damaged by the loss of past and future income, lost employment benefits, and has suffered anxiety and emotional distress.

## COUNT II:
## DENIAL OF LIBERTY INTEREST
## WITHOUT DUE PROCESS OF LAW

46. Paragraphs 1-45 are re-alleged as though set out in full.

47. The violations described above not only contravened the Handbook, but also deprived Ms. Wubben of her liberty interest without due process of law guaranteed by the 14th Amendment to the United States Constitution. A government employee's liberty interest is implicated when she is dismissed amid charges that impose on her a stigma and other disability that foreclose her freedom to take advantage of other employment opportunities or which might seriously damage her standing and associations in her community. Charges implying insubordination, dishonesty, or immorality stigmatize any employee because they call into question her good name, reputation, honor, or integrity. In such a case, the employee must be provided with a name-clearing hearing.

48. Ms. Wubben's liberty interests were denied without due process of law. The due process denial results from the failure of the Defendants to follow its own policies; this denial was enhanced by the local newspaper reporting on Ms. Wubben's termination, prior to Ms.

Wubben receiving any notice of her termination, as well as without the opportunity to respond with to any allegations with a name-clearing hearing.

49. As a direct and proximate result of Ms. Wubben's deprivation of liberty without due process of law, Ms. Wubben has been the subject of damaging rumors and innuendo in her community, which damaged her reputation and impeded her ability to find new employment.

50. The damage to Ms. Wubben's reputation has caused her embarrassment, anxiety and emotional distress, in addition to the interference with Ms. Wubben's ability to find suitable replacement employment, resulting in damages for reduced income.

### COUNT III:
### RETALIATION FOR EXERCISE
### OF FIRST AMENDMENT RIGHTS

51. Paragraphs 1-50 are re-alleged as though set out in full.

52. A public employee plaintiff making a First Amendment retaliation claim must establish four elements: 1) that she has suffered an adverse employment decision; 2) that her speech involved a matter of public concern; 3) that her interest in commenting on matters of public concern outweigh the defendant's interest in promoting efficiency; and 4) that the speech motivated the defendant's action. Whether speech involves a matter of public concern is "determined by the content, form, and context of a given statement, as revealed by the whole record." *Connick v. Myers*, 461 U.S. 138, 147–48 (1983).

53. Ms. Wubben suffered an adverse employment decision when she was terminated for protected activity, specifically:

   a. Speaking out against Defendant Klimisch's discipline procedure of Mr. Garrity on February 14, 2019. Ms. Wubben was then consequently threatened by Defendant Klimisch and told Wubben she had "crossed the line"; and

    b. Speaking at a public commission meeting about a matter of public concern as a private citizen. Ms. Wubben's interest in commenting on the controversies involving the Planning and Zoning office for CAFO conditional use permit applications and the treatment of County Employees outweighed the Defendants' interest in promoting efficiency.

The Defendants' decision to terminate Ms. Wubben was motivated by Ms. Wubben's speech. The temporal proximity of the speech and the termination is overwhelming.

54. Defendant Klimisch's behavior of sticking his finger in Ms. Wubben's face and stating "you have crossed the line", as well as advising her to sit down at the County meeting or the sheriff would be summoned, several times, is a direct violation of Ms. Wubben's First Amendment right of free speech and is contrary to §105A of the Handbook.

55. Additionally, Ms. Wubben was prevented from completing her explanation of the February 14th discussion by Chairman Klimish's intimidation and threat on February 14th, in violation of her free speech rights. Such conduct is also contrary to §105A of the Handbook.

56. Ms. Wubben's speech did not, in any way, infringe upon the efficiency of the public services the County performs through its employees.

57. Statements regarding the treatment of employees and the controversies involving management and operations of government entities are matters of public concern, especially when government employees are told to spend less time with citizens requesting assistance with conditional use permits. Ms. Wubben's speech did not create disharmony in the workplace, did not impede Ms. Wubben's ability to perform her duties, and did not impair her working relationships with other employees.

58. The comments by Defendant Klimisch and Commissioner Healy described in paragraphs 16-18 above, shows that Defendants adopted a Yankton County policy completely

stifling any speech about matters concerning county departments, which is illegal, and that Ms. Wubben's termination was motivated by that policy.

59. As a direct and proximate result of the Defendants' retaliation against Ms. Wubben for her exercise of her free speech rights, Ms. Wubben has been deprived of past income, future income, and lost benefits, and has been subjected to anxiety and emotional distress.

## COUNT IV:
## WRONGFUL TERMINATION UNDER STATE LAW

60. Paragraphs 1-59 are re-alleged as though set out in full.

61. The governing body rendering an employment decision must be impartial. *Riter v. Woonsocket*, 504 N.W.2d 572 (1993). Instead, in this case, the decision of the Commission was arbitrary, capricious, and an abuse of discretion, and was rendered by a board which was not impartial.

62. The Defendants modified its process of reviewing Ms. Wubben's termination by voting in favor of terminating Ms. Wubben in a closed door session prior to the initiation of the grievance process, where that the County Commission was to be the *final* level of government review in that process.

63. The failure of the Defendants to allow Ms. Wubben to have an impartial board review her employment prior to termination and the Defendants' violation of her Handbook rights are independently sufficient reasons for concluding that Ms. Wubben's discharge from employment was a wrongful termination under South Dakota law. Furthermore, retaliating against Ms. Wubben for her exercise of protected speech and depriving her of due process of law, violates SD Const. Art. VI, §§ 4 and 5.

64. Ms. Wubben was terminated in violation of SDCL 60-11-17.1 which prohibits the discharge of an employee, or any reprisal against her, for speaking about matters of public concern as a concerned citizen.

65. As a direct and proximate result of the Defendants' wrongful discharge of Ms. Wubben, she has been damaged by the loss of past and future income, the loss of benefits, and was subjected to anxiety and emotional distress.

## COUNT V:
## INJUNCTIVE RELIEF: REINSTATEMENT

66. Paragraphs 1-65 are re-alleged as though set out in full.

67. Defendants wrongfully terminated Ms. Wubben from her position with Yankton County in retaliation for speaking out on a matter of public concern without due process of law. She is entitled to a preliminary injunction reinstating her Yankton County employment and then a permeant injunction after trial on the merits.

68. Defendants' conduct has caused Ms. Wubben to suffer harm, including loss of front pay, loss of back pay, loss of benefits, damage to reputation, and emotional distress.

69. Denying Ms. Wubben reinstatement would cause irreparable harm as Ms. Wubben is forced to commute 30 miles each day for her new employment, which cannot be erased by a damage award, and she will be receiving less compensation and lower retirement benefits beyond the termination of this case.

70. Defendants would not be harmed by Ms. Wubben's reinstatement as she requests to be placed in a County department other than Planning and Zoning, which would not require her to interact with Defendants or meet with citizens relating to the CAFO conditional use permits.

71. Third parties would not be harmed by Ms. Wubben's reinstatement in a County department other than Planning and Zoning.

72. Ms. Wubben will likely succeed on the merits of her claims. An injunction is in the public interest in order to not allow the loss of employment and damage to reputation from the conduct exhibited by Defendants.

73. As a result of Defendant's conduct and because such irreparable harm will persist, Ms. Wubben is entitled pursuant to F.R.Civ.P. 65 to an injunction mandating reinstatement of Ms. Wubben's employment with the County in a department other than Planning and Zoning, and at a wage that is at minimum equal to Ms. Wubben's previous position with the County, along with the same benefits she was previously receiving.

## DAMAGES AGAINST DEFENDANTS

74. Compensation under a § 1983 claim is available when such actions are found to have been a violation of Constitutional rights and to have caused compensable injury. If an employee is deprived of her constitutional rights under color of state action, the offender is liable for any consequential damages. 42 U.S.C. §1983. Ms. Wubben has been deprived of her property and liberty interests without due process of law, has been retaliated against for exercising her right to free speech, and was terminated in violation of South Dakota law, all which have caused her damages as follows:

   a. Back pay and back benefits from the date of termination to the date of trial;

   a. Damages for damage to Ms. Wubben's reputation and damage to her income earning capacity;

   b. Damages for embarrassment, anxiety and emotional distress;

   c. Punitive damages; and

      d. Injunctive relief of reinstatement of Ms. Wubben's employment with the County in a department other than Planning and Zoning, and at a wage that is at minimum equal to Ms. Wubben's previous position with the County, along with the same benefits she was previously receiving. If that is not feasible, due to the manner of her termination, Ms. Wubben is entitled to front pay and the reasonable value of the future loss of benefits, for a reasonable number of years, after the trial of this case.

75. Punitive damages under a § 1983 claim are available against public officials when an official is sued in his or her personal capacity. *Hafer v. Melo*, 502 U.S. 21, 21-22 (1991). "[I]t is enough to show that the official, acting under a color of state law, causes the deprivation of a federal right." *Id.* at 25. Defendant Klimisch is personally liable for damages caused to Ms. Wubben for his actions. Defendant Klimisch, commissioner for the County of Yankton, acting under color of state law, caused the deprivation of Ms. Wubben's federal rights by wrongfully terminating Ms. Wubben without due process in violation of the Handbook and retaliating against Ms. Wubben for exercising her First Amendment Rights.

76. Because the conduct described in the Complaint is violative of the United States Constitution, Ms. Wubben is also entitled, as prevailing party, to an award of costs and attorney fees incurred herein pursuant to 42 U.S.C. §1988.

77. Defendant Klimisch does not have qualified immunity under 42 U.S.C. § 1983. Defendant Klimisch violated clearly established statutory and constitutional rights of which a reasonable person would have known, at the time of Ms. Wubben's discharge. The unlawfulness of Defendant Klimisch's s official acts was apparent in view of existing law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court enter judgment against Defendants, to include:

2.  That Defendants wrongfully deprived Plaintiff of her constitutional rights guaranteed by the First and Fourteenth amendments to the United States Constitution, pursuant to 42 U.S.C. §1983, and the Defendants wrongfully terminated Plaintiff's employment in retaliation for Plaintiff's exercise of her First Amendment rights and in violation of South Dakota law, and that Plaintiff was irreparably damaged as a result of Defendants' conduct, and that Plaintiff shall be entitled to recovered damages in an amount to be proven at trial, as follows:

   a. Back pay and back benefits from the date of termination to the date of trial;

   a. Damages for damage to Ms. Wubben's reputation and damage to her income earning capacity;

   b. Damages for embarrassment, anxiety and emotional distress;

   c. Punitive damages; and

   d. Injunctive relief of reinstatement of Ms. Wubben's employment with the County in a department other than Planning and Zoning, and at a wage that is at minimum equal to Ms. Wubben's previous position with the County, along with the same benefits she was previously receiving. If that is not feasible, due to the manner of her termination, Ms. Wubben is entitled to front pay and the reasonable value of the future loss of benefits, for a reasonable number of years, after the trial of this case.

3.  That Plaintiff recover from Defendants her costs and disbursements herein, including attorneys' fees, costs, and interest thereon pursuant to 42 U.S.C. §1988; and

4.  Entry of such other and further relief as the Court deems just and proper.

Dated this 27th day of June, 2019 at Sioux Falls, South Dakota.

                                    HAGEN, WILKA & ARCHER, LLP

By _/s/ Thomas K. Wilka_
Thomas K. Wilka
Sara E. Schroeder
600 S. Main Avenue, Suite 102
P.O. Box 964
Sioux Falls, SD  57101-0964
Attorneys for Plaintiff

**PLAINTIFF DEMANDS A TRIAL BY JURY**

JS 44 (Rev 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM )*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| (b) County of Residence of First Listed Plaintiff **Yankton** *(EXCEPT IN U S PLAINTIFF CASES)* | County of Residence of First Listed Defendant **Yankton** *(IN U S PLAINTIFF CASES ONLY)* NOTE  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
| (c) Attorneys *(Firm Name, Address, and Telephone Number)* Thomas K. Wilka/Sara E. Schroeder Hagen, Wilka & Archer 600 S. Main Ave., Suite 102, P.O. Box 964, Sioux Falls, SD 57101 | Attorneys *(If Known)* |

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

☐ 1  U S Government Plaintiff
☒ 3  Federal Question *(U S Government Not a Party)*
☐ 2  U S Government Defendant
☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff (For Diversity Cases Only) and One Box for Defendant)*

|   | PTF | DEF |   | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*    Click here for Nature of Suit Code Descriptions

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U S Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 550 Civil Rights ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 465 Other Immigration Actions | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**
Cite the U S Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*

Brief description of cause

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F R Cv P
DEMAND $
CHECK YES only if demanded in complaint
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY**
*(See instructions)*
JUDGE _____  DOCKET NUMBER _____

DATE 06/27/2019
SIGNATURE OF ATTORNEY OF RECORD  */s/ Thomas K. Wilka*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG JUDGE _____