UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| DENISE WUBBEN,<br><br>            Plaintiff,<br><br>   vs.<br><br>YANKTON COUNTY, SOUTH DAKOTA, AND DAN KLIMISCH, IN HIS INDIVIDUAL CAPACITY,<br><br>            Defendants. | 4:19-CV-04109-KES<br><br><br>ORDER GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT |

      Plaintiff, Denise Wubben, moves for leave to amend her complaint to add Gary Swensen, in his individual capacity, as a defendant and a claim for defamation against Swensen. Docket 12. Defendants, Yankton County, South Dakota and Dan Klimisch, oppose the motion. Docket 16. Defendants contend the amendment would cause prejudice and confusion at trial. *Id.* at 3-5. Defendants also contend the defamation claim against Swensen belongs in a separate action because it is unrelated to the present case. *Id.* at 5. For the reasons stated below, the court grants Wubben's motion to amend.

## BACKGROUND

      The facts as alleged in the proposed amended complaint are as follows:

      Wubben was employed by Yankton County as an administrator and secretary for the Planning and Zoning office beginning July 1, 2013. Docket 12-1 ¶ 13. Based on Wubben's job performance, she was promoted to County

Deputy Zoning Administrator on April 1, 2018. *Id.* ¶¶ 13-14. Wubben was terminated from her position at Yankton County on February 22, 2019. *Id.* ¶ 20.

While employed as County Deputy Zoning Administrator, Wubben's duties included assisting citizens with applications for conditional use permits in accordance with Yankton County Zoning Ordinances. *Id.* ¶ 16. During the months before Wubben's termination, county permits granted for construction of Concentrated Animal Feeding Operations (CAFOs) were a controversial public concern in Yankton County. *Id.* ¶ 15. Wubben alleges this led to the election of three County Commissioners, including Dan Klimisch, who were opposed to the CAFOs. *Id.* Wubben also alleges that in the fall of 2018, Yankton County Commissioner, Joe Healy, told her and Yankton County Zoning Administrator, Pat Garrity, that "there was a mandate by the new commissioners to get rid of [Wubben and Garrity.]" *Id.* ¶ 26.

On February 14, 2019, Wubben was present at a meeting with Klimisch, Healy, and Garrity. *Id.* ¶ 17. During the meeting, Wubben objected to a disciplinary procedure implemented against Garrity. *Id.* Wubben alleges that in response to her objection, Dan Klimisch "stuck his finger in [her] face and angrily said 'you have crossed the line.' " *Id.* Dan Klimisch then left the meeting. *Id.* ¶ 18. At the end of the meeting, Healy instructed Wubben and Garrity to spend less time talking with CAFO conditional use permit applicants. *Id.* Wubben contends this instruction was contrary to the conduct required for

employees of Yankton County, as prescribed by the Yankton County Personnel Handbook (Handbook). *Id.* ¶ 33.

On February 19, 2019, Wubben attended a Yankton County Commission meeting in an official capacity to speak regarding an issue separate from the CAFO permits. *Id.* ¶ 19. After speaking, Wubben remained at the meeting in an individual capacity. *Id.* At the end of the meeting, members of the public asked questions regarding Healy's instruction to Wubben and Garrity, and asked Wubben to stand up and provide her perspective. *Id.* Dan Klimisch directed Wubben to come to the podium; however, while Wubben was speaking at the podium, Dan Klimisch told her several times "to sit down or the sheriff would be summoned." *Id.* Wubben alleges she did not complete her explanation at the podium due to Dan Klimisch's "intimidation and threat" made in violation of her First Amendment rights under the United States Constitution and the South Dakota Constitution. *Id.*

Wubben alleges that days later, on February 22, 2019 the Yankton County Commissioners terminated her during a special emergency executive session, in violation of South Dakota's open meeting laws under SDCL § 1-51-1. *Id.* ¶ 20. Wubben alleges the Yankton County Commission realized this violation and reconvened for a special meeting on February 25, 2019, during which the Commissioners again voted to terminate Wubben. *Id.* ¶ 23. After each occasion, Wubben first learned of her terminations while reading the local public newspaper the following day. *Id.* ¶¶ 22-23.

On February 28, 2019, Wubben received a letter stating her employment with Yankton County was terminated. *Id.* ¶ 24. The letter was signed by Yankton County States Attorney, Robert Klimisch, and dated February 25, 2019. *Id.* ¶¶ 24-25. The letter provided no reason for Wubben's termination. *Id.* ¶ 25. Wubben alleges she was not given any notice of disciplinary action, any opportunity to provide an explanation or defense on her own behalf, nor any hearing before the County Commission. *Id.* ¶¶ 25, 31. Wubben contends these were all in violation of the course of disciplinary conduct that was required by the Handbook. *Id.* ¶¶ 25-32. After her termination with Yankton County, Wubben pursued many other similar jobs but has been unable to obtain employment earning equal pay and benefits to those she had prior to her termination. *Id.* ¶¶ 34-36. Wubben alleges the wrongful termination, defendants' retaliation, and other surrounding circumstances have caused her anxiety and emotional distress. *Id.* ¶¶ 21, 46. Wubben also alleges that members of the public approach her to inquire about her termination "on a weekly, if not daily, basis." *Id.* ¶ 37.

Yankton County Commissioner, Gary Swensen, posted comments about Wubben's termination to his public Facebook page. *Id.* ¶ 38. Wubben's amended complaint alleges Swensen's first post was published on or about May 17, 2019 and stated:

> I was told I have not seen it yet But a video of Denise Webben [sic] is on a County Web Site showing her Antic and how we fired her..Stating to the County Employees of the South Dakota County ..If you want to get FIRED Just act like this Yankton County Employee ..I will keep looking for ithe [sic] Video. Web Site ….

4

*Id.* The second post was published on or about November 4, 2019 and stated:

> You forgot about the Eye in the Sky Camera that we have video of you your wife and Denise Webben [sic] in your office paying on the Computers while you supposed to be Sick...
>
> That's right The County Commissioner Fired Denise Webuen [sic] also for her Violent Behavior and this was during a County Commission Meeting...ON TAPE ALSO...There has been some Strange goings...on for a long time in the Planning and Zoning office...While Yankton County keeps Building on Expire and No Permits that we're [sic] given out without the Knowledge of the Chairman......That's Right The Yankton County Commission also Fired that temporary P and Z guy for doing that .Plus other reasons...Gary Swensen Yankton County Commissioner......OH.. THERE IS MUCH MORE TO THIS...Hope you come to the Meeting this Tuesday it should be a Whopper   ......November 5th 6 p.m. Sharp....2019.....

*Id.*

Wubben's original complaint alleges five causes of action including: deprivation of property rights without due process of law, denial of liberty interest without due process of law, retaliation for exercise of First Amendment rights, wrongful termination under state law, and request for an injunction to reinstate her employment with Yankton County in a department other than Planning and Zoning. Docket 1 ¶¶ 37-73. Wubben now moves to amend her complaint to include a claim for defamation under state law and to add Gary Swensen as a defendant. Docket 12 ¶¶ 76-82. Yankton County and Dan Klimisch oppose the motion to amend, contending the amended claim is unrelated to the existing claims and would cause prejudice to the defendants and confusion at trial. Docket 16 at 3-6.

**LEGAL STANDARD**

"[A] party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15 of the Federal Rules of Civil Procedure states that leave to amend a pleading should be given "freely" and "when justice so requires." Fed. R. Civ. P. 15(a)(2). The Supreme Court has held:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'

*Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Roberson v. Hayti Police Dep't*, 241 F.3d 992, 995 (8th Cir. 2001). "The Eighth Circuit Court of Appeals takes a 'liberal viewpoint towards leave to amend' and leave 'should normally be granted absent good reason for a denial.' " *Libertarian Party of S.D. v. Krebs*, 312 F.R.D. 523, 525 (D.S.D. 2016) (quoting *Popp Telcom v. Am. Sharecom, Inc.*, 210 F.3d 928, 943 (8th Cir. 2000)). "Likelihood of success on the new claim or defenses is not a consideration for denying leave to amend unless the claim is clearly frivolous." *Becker v. Univ. of Neb.*, 191 F.3d 904, 908 (8th Cir. 1999).

**DISCUSSION**

**I.   Undue Delay and Bad Faith**

The court first considers whether a motion to amend was made with undue delay or bad faith. *See Foman*, 371 U.S. at 182. The language of Rule 15(a) does not specify a time in which a party can seek leave to amend from the

court. *See* Fed. R. Civ. P. 15(a). Permission to amend under Rule 15(a) has been granted at a wide variety of litigation stages, including during and after trial. *See Zatina v. Greyhound Lines, Inc.*, 442 F.2d 238, 242 (8th Cir. 1971) (holding the district court was within its discretion when granting a plaintiff's motion to amend after the close of testimony at trial). "[I]n keeping with the purpose of Rule 15(a), which is to facilitate a determination of the action on its merits, a motion to amend should be made as soon as the necessity for altering the pleading becomes apparent." Arthur R. Miller et al., 6 *Federal Practice and Procedure* § 1488 (3d ed. 2020).

Here, the social media posts alleged in the amendment were published on May 17, 2019 and November 4, 2019. Docket 12 ¶ 38. Wubben filed her complaint in this matter on June 27, 2019. Docket 1 at 18. Thus, the November 2019 post did not exist at the time Wubben filed her original complaint in this action. Also, Wubben would not have known of the continued pattern of posting by Swensen until after the date on which she filed her initial complaint.

Wubben's motion to amend was filed on February 3, 2020. Docket 12 at 1. This was before the amendment deadline of February 7, 2020 set forth in the court's scheduling order. Docket 11 ¶ 2. No depositions have been taken and minimal written discovery occurred prior to the filing of this amendment. *See* Docket 13 at 1. Thus, the amendment request arises within the deadline set by this court and at an early stage in the discovery process. Yankton County and

Klimisch do not argue Wubben's amendment is made with undue delay or bad faith. *See* Docket 16.

Based on the proximity of the posts' publication dates to the commencement of this action, the timeliness of the motion, and the lack of evidence on the record to the contrary, the court finds there is no bad faith or dilatory motive in Wubben's motion to amend.

## II.   **Futility of the Amendment**

The court may also consider whether an amendment is futile. *See Foman*, 371 U.S. at 182. In evaluating a motion to amend for futility, an amendment is futile if "the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010) (internal quotation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Count VI of the proposed amended complaint contains a new claim and new defendant: a defamation claim against Swensen. Docket 12-1 ¶¶ 76-82. In her proposed amended complaint Wubben alleges that Swensen posted false comments regarding Wubben, her employment, and her firing to his personal Facebook page and that the comments are "highly offensive to a reasonable person." *Id.* ¶ 79. Swensen's Facebook page is publicly accessible and "allows anyone from the pubic and community to read his published posts and

8

comments." *Id.* ¶ 78. Wubben also claims Swensen's conduct "was oppressive, fraudulent and/or malicious," and "done intentionally, willfully, and/or wantonly." *Id.* ¶ 80. As a result of the alleged conduct, Wubben contends her reputation and good name have been damaged in the community. *Id.* ¶ 82.

Under South Dakota law, defamation is either libel or slander. SDCL § 20-11-2; *see also* SDCL § 20-11-3 (defining libel) and SDCL § 20-11-4 (defining slander). A claim for defamation under South Dakota law must suggest "the alleged defamatory language refers to some ascertained or ascertainable person and that person must be the plaintiff." *Brodsky v. Journal Pub. Co.*, 42 N.W.2d 855, 857 (S.D. 1950). The alleged statement must also be established as "false and unprivileged publication(s)" to be actionable. *See* SDCL §§ 20-11-2 through 4. "A statement is actionable if it implies a false assertion of objective fact," which includes an opinion that implies a false assertion of an objective fact. *Paint Brush Corp., Parts Brush Div. v. Neu*, 599 N.W.2d 384, 396-97 (S.D. 1999). If the opposing party claims privilege, malice is relevant to determine whether the privilege applies. *Id.* at 398. "Malice" means that the defendant "actually knew that the defamatory statements were false or acted with reckless disregard of the truth." *Nelson v. WEB Water Dev. Ass'n, Inc.*, 507 N.W.2d 691, 697 (S.D. 1993) (citing *N.Y. Times Co. v. Sullivan*, 376 U.S. 254, 286 (1964)).

Swensen's posts as alleged and quoted in Wubben's amended complaint contain references to Wubben by name, and even though her name is occasionally misspelled, it is clear to the reader Swensen is referring to

9

Wubben in the posts. Docket 12 ¶ 38. Wubben alleges the posts were created with malice or reckless disregard as to the falsity of the comments, and defendants, Yankton County and Klimisch, do not contend a privilege applies. *Id.* ¶ 80. When taken as a whole with the other claims contained within the amended complaint, particularly those alleging retaliation, it appears plausible the posts were made with malice or reckless disregard. *See Iqbal*, 556 U.S. at 678.

Read in the light most favorable to Wubben, the statements published by Swensen in his Facebook posts contained false information, were publicly available, and were intended to negatively affect the public's opinion of Wubben, specifically in relation to her employment with Yankton County. At this stage, this is sufficient to state a claim for defamation under South Dakota law that survives a motion to dismiss. And Defendants do not argue that the amendment is futile. Thus, Wubben's proposed amendment is not futile. *See Zutz*, 601 F.3d at 850.

### III.   Undue Prejudice to the Defendants

The court next considers whether the proposed amendment causes undue prejudice to the opposing party. *See Foman*, 371 U.S. at 182. Yankton County and Dan Klimisch argue Wubben's proposed amendment would cause undue prejudice because it adds an unrelated claim against a separate defendant and would add confusion to trial. Docket 16 at 3-4. Undue prejudice exists where:

> [T]he amendment substantially changes the theory on which the case has been proceeding and is proposed late enough so that the opponent would be required to engage in significant new preparation . . . . In a similar vein, if the court determines that the proposed amendment would result in defendant being put to added expense and the burden of a more complicated and lengthy trial or that the issues raised by the amendment are remote from the other issues in the case and might confuse or mislead the jury, leave to amend may be denied.

Miller et al., *supra*, § 1487 (footnotes omitted). Determining whether prejudice will occur "entails an inquiry into the hardship to the moving party if leave to amend is denied, the reasons for the moving party failing to include the material to be added in the original pleading, and the injustice resulting to the party opposing the motion should it be granted." *Id.* "When late tendered amendments involve new theories of recovery and impose additional discovery requirements, appellate courts are less likely to hold a district court abused its discretion." *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008).

" 'The burden of proof of prejudice is on the party opposing the amendment.' " *Roberson*, 241 F.3d at 995 (quoting *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987)). In *Roberson*, the Eighth Circuit reversed the district court's denial of the plaintiff's motion to amend where the plaintiff sought to amend her complaint to add a new defendant and new claims because the motion was timely brought, the defendants had more than a year and a half to prepare a defense, and the defendants held the bulk of the evidence that would be required to defend itself against the new claims. *Id.* at 996.

11

A.      **Relation of the Proposed Amendment to the Initial Complaint**

Yankton County and Dan Klimisch contend Wubben's amended claim would be prejudicial because it "do[es] not arise from the original facts of her initial Complaint" and belongs in a separate state court case. Docket 16 at 3. The proposed claim for defamation against Swensen must be sufficiently related to the claims and facts set forth in the original complaint to establish supplemental jurisdiction under 28 U.S.C. § 1367. Supplemental jurisdiction exists when the district court has original jurisdiction over at least one claim in the action, and the other claims "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Under 28 U.S.C. § 1367(c), there are four exceptions where a district court can decline to exercise supplemental jurisdiction, even if the requirements of § 1367(a) are established. *See* 28 U.S.C. § 1367(c).

> Supplemental jurisdiction exists where:
>
> The state and federal claims . . . derive from a common nucleus of operative fact. But if, considered without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then . . . there is power in the federal courts to hear the whole.

*United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966) (emphasis omitted). "In practice, § 1367(a) requires only that the jurisdiction-invoking claim and the supplemental claim have some loose factual connection[;]" however, there must be more than "a mere causal relationship between the two claims[.]" Richard D. Freer, 13D *Federal Practice and Procedure* § 3567.1 (3d

12

ed. 2020). "This standard is broad and fact-specific, and should be applied with a pragmatic appreciation of the efficiency promoted by supplemental jurisdiction." *Id.*; *see Tinius v. Carroll Cnty. Sheriff Dept.*, 255 F. Supp. 2d 971, 976-87 (N.D. Iowa 2003) (holding supplemental jurisdiction extended to a plaintiff's state-law claims because they arose out of the same unlawful detention alleged in his federal-question claim).

Wubben cites to *Murphy v. Vill. Of Hoffman Estates*, a factually similar case from an Illinois district court, arguing this pattern of retaliatory action is a sufficient link to the original complaint. 959 F. Supp. 901 (N.D. Ill. 1997). Although *Murphy* is not binding on this court, the circumstances of retaliation and post-termination conduct are similar to the present case. *Id.* at 903. In *Murphy*, the plaintiff was terminated from his position and sought leave from the court for his third proposed amendment, adding a new claim, new defendant, and new exhibit. *Id.* The additional defendant was a therapist employed by the plaintiff's former employer, and the proposed claim alleged a violation of Illinois confidentiality laws against the therapist for disclosing confidential information about the plaintiff to his former coworkers. *Id.* The court found this additional claim was related to the retaliatory actions of the plaintiff's former employer and should be included to facilitate an accurate decision in the case, particularly because the plaintiff sought reinstatement as a remedy. *Id.* at 908.

As discussed above, Wubben's initial complaint includes a cause of action for retaliation and she seeks reinstatement to a position with Yankton

13

County. Docket 1 ¶¶ 59-73. Swensen's posts directly reference Wubben, her former employment with Yankton County, and her termination from her previous position. Docket 12-1 ¶ 38. Swensen's posts suggest a pattern of retaliatory action by Yankton County, and its County Commission, including Commissioners Dan Klimisch and Swensen. Additionally, Swensen's posts appear to directly affect the opportunity for Wubben's reinstatement to a position with Yankton County due to the allegations of "violent behavior," "strange goings," and the suggestions there was further misconduct by Wubben. *Id.* This pattern of retaliatory action in relation to the proposed reinstatement provide a sufficient factual connection between the claims and conduct alleged by Wubben's initial complaint and the additional claim in her proposed amendment. *See Gibbs*, 383 U.S. at 725; *Murphy*, 959 F. Supp. at 907-08.

Yankton County and Dan Klimisch also argue the proposed amendment should be denied because the additional claim does not involve the initial defendants to the lawsuit. Docket 16 at 4. The court disagrees. Although Swensen was acting in an individual capacity when creating and publishing the Facebook posts, the content of the posts affiliates the subject matter and information with Swensen's position as a Yankton County Commissioner. Docket 12-1 ¶ 38. In the Facebook posts, Swensen identifies himself as "Gary Swensen Yankton County Commissioner," encourages his audience to attend the Yankton County Commission meeting, and references a video showing how he and other commissioners fired Wubben. *Id.* These direct connections exceed

the "loose factual connection" required for the court to extend supplemental jurisdiction and distinguish the present case from the rulings of district courts outside the Eighth Circuit relied upon by Yankton County and Dan Klimisch. *See* Docket 16 at 4-5; *see also Travelers Ins. Co. v. Intraco, Inc.*, 163 F.R.D. 554, 557 (S.D. Iowa 1995). Thus, the proposed claim for defamation against Swensen is related to the claims alleged in the initial complaint and supplemental jurisdiction extends to the amendment.

### B. Confusion at Trial

Yankton County and Dan Klimisch also contend that allowing the proposed amendment would be prejudicial because it would cause confusion at trial. Docket 16 at 4-5. Defendants argue that they would be required to differentiate their own acts from those of Swensen and the amendment could cause the jury to conflate Swensen's conduct with the other causes of action against Yankton County and Dan Klimisch. *Id.* at 4. Here, there does not appear to be overwhelming evidence to suggest the additional state-law claim for defamation would confuse or mislead the jury. The initial complaint raises a cause of action that arises under South Dakota state law and would require jury instructions to that effect. Docket 1 ¶¶ 60-65. Even without the proposed amendment, this case will require jury instructions regarding state and federal laws at trial. Thus, jury instructions will be sufficient to resolve any confusion that could occur as to the different federal- and state-law claims.

Wubben brings the defamation claim against Swensen in his individual capacity. Docket 12-1. Although the defamation claim against Swensen is

15

sufficiently related to support supplemental jurisdiction, Swensen's actions remain separate from those of Yankton County and Dan Klimisch. Similarly, Wubben's claim for defamation is related to her claim for retaliation, but the defamation claim remains separate from her claim for retaliation against the other defendants. Because the amendment asserts a defamation claim against Swensen alone, the risk of the jury confusing Swensen's actions with the other defendants' is minimal. Yankton County and Dan Klimisch have failed to meet their "burden of proof of prejudice" as to confusion at trial. *Roberson*, 241 F.3d at 995. Thus, the court finds Wubben's amendments would not cause confusion at trial.

### C. Hardships to Each Party

Finally, the court considers "the hardship to the moving party if leave to amend is denied . . . and the injustice resulting to the party opposing the motion should it be granted." Miller et al., *supra*, § 1487 (footnotes omitted). Here, Wubben has a substantial interest in having all related causes of action tried in one case. *See Foman,* 371 U.S. at 181-82. If the court does not allow Wubben's proposed amendment, she would be required to file an action in the state court system for her defamation claim. Because the amended claim is related to those in the initial complaint, pursuing the defamation claim in the state court system would require a duplication of discovery efforts by Wubben's counsel. It appears much of the same evidence required in the present case (including depositions, witnesses, interrogatories, etc.) would be necessary for the litigation of the defamation claim. Thus, Wubben's interest in having all

16

related claims of action tried in the same case to facilitate a proper decision on the merits outweighs the minimal risk of confusion at trial.

Similarly, there is not a risk of substantial additional expense or increased burden for trial preparation for Yankton County and Dan Klimisch. The published Facebook posts are available for public access, and Swensen has not previously been deposed. Thus, the related posts and relevant witness are available to Yankton County and Dan Klimisch and do not require any duplicative discovery effort. Due to the nature of the posts, and Swensen's position as County Commissioner, it seems likely Yankton County and Dan Klimisch would conduct the same trial preparation whether or not the defamation claim is added to the action.

Also, the proposed defamation claim is alleged against Swensen, not Yankton County or Dan Klimisch. For this reason, it appears the risk of unfair surprise to the existing defendants and the trial preparation burden imposed upon them are relatively minor. There are no additional expert witnesses required by the claim, and the issues raised in the defamation claim do not exceed or overshadow those set forth in the initial complaint. Because the amendment comes at an early stage in the discovery process, it appears there will be adequate time for Yankton County and Dan Klimisch to conduct the required discovery, and there is no risk of duplicated resources and efforts. *See Roberson*, 241 F.3d at 995. Thus, Wubben's proposed amendment is not prejudicial to defendants, Yankton County and Dan Klimisch.

**CONCLUSION**

Wubben's proposed amendment is timely made and raised in good faith and without dilatory motive. Wubben's defamation claim is not futile and would survive a motion to dismiss. The proposed amendment is sufficiently related to the initial complaint to extend supplemental jurisdiction. Finally, the addition of a new claim and new defendant is not prejudicial to the initial defendants, Yankton County and Dan Klimisch. Thus, it is

ORDERED that Wubben's motion to amend the complaint (Docket 12) is granted.

Dated July 15, 2020.

BY THE COURT:
/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE